UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRIAN KEITH ALFORD,<br>    Plaintiff, | Case No. 1:20-cv-433 |
| vs. | McFarland, J.<br>Bowman, M.J. |
| WILLIAM D. TERRELL, M.D., et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a prisoner at the Toledo Correctional Institution, has filed a complaint against defendants William D. Terrell, M.D.; Colleen Sebula, M.D.; Dimosthenis Manotopoulous, M.D.; Allison M. Hinko, M.D.; Mark Hill, M.D.; and Mark A. Slabaugh, M.D.. (Doc. 1 at PageID 1).[1] By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

---

[1] Although the caption on plaintiff's complaint lists the above defendants, the body of the complaint refers to "both Defendants." (*See* Doc. 1 at PageID 2). The undersigned presumes that plaintiff intends to hold the individuals named in the caption of the complaint as defendants to this action.

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this civil rights complaint against the defendants based on alleged "medical negligence/medical malpractice." (Doc. 1, Complaint at PageID 1).[2] Plaintiff claims that he suffered damage to his eyes "following surgery to repair a retinal tear and lattice degeneration due to exposure to hazardous waste while working at the HVAC Department at Lebanon Correctional Institution." (*Id.*).[3] Plaintiff alleges that he underwent surgery to repair a retinal tear in his left eye on June 3, 2015. (*Id.* at PageID 3). He also indicates that he had laser surgery "in order to prevent further lattice degeneration to his right eye and in order to prevent a retinal tear to his right eye." (*Id.*). According to plaintiff,

---

2 Attached to the complaint rulings from the Court of Claims of Ohio on plaintiff's medical malpractice/negligence claims. (*See* Doc. 1 at PageID 22–33).

3 As noted in the Order transferring this action to this Court (Doc. 4), plaintiff previously filed a lawsuit regarding his exposure to refrigerants in *Alford v. Mohr*, Case No. 1:15-cv-645 (S.D. Ohio Oct. 4, 2015). On April 13, 2020 the Court granted the defendant's motion for summary judgment. *Id.* (Doc. 153).

"[a]s a result of Defendant's negligence, Plaintiff suffers from a deep throbbing pain to his left eye, discharge, corneal abrasion, extreme dryness, distorted vision to his left eye, flashing pulse to his left eye, double vision to his left eye, a halo to his left eye, diminished vision to his left eye and right eye and extreme discomfort, mental anguish and anxiety." (*Id.*). For relief, plaintiff seeks monetary damages and perspective injunctive relief. (*Id.* at PageID 4).

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. As an initial matter, aside from his conclusory allegation that defendants were negligent or committed medical malpractice, plaintiff does not make any specific factual allegations against any of the named defendants. See *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002)(affirming dismissal of claims where the complaint "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights").

To the extent that plaintiff claims that any of the defendants were negligent or committed medical malpractice, he fails to state a claim upon which relief may be granted. First, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North*

4

*American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, there is no complete diversity of citizenship because plaintiff and all of the defendants are Ohio citizens. (*See* Doc. 1, Complaint at PageID 2). Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

In order to state a claim for relief under 42 U.S.C. § 1983 concerning a denial of medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Not every claim of inadequate medical treatment states an Eighth Amendment violation. *Estelle*, 429 U.S. at 105. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff's complaint fails to allege facts plausibly suggesting that any defendant was deliberately indifferent to his medical needs. As noted above, plaintiff does not allege what any defendant did or neglected to do in administering his medical care. Plaintiff indicates that he received several surgeries to address issues with his eyes. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake*, 537 F.2d at 860 n. 5. It is well-settled that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind .'"*Estelle,* 429 U.S. at 105-106. Plaintiff's allegations of negligent treatment or malpractice do not rise to the level of deliberate indifference under the Eighth Amendment.[4] Accordingly, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

---

[4] The undersigned's opinion is not altered by plaintiff's conclusory claim that at the time the complaint was filed he was under "the imminent threat of serious physical harm due to the failure to treat Plaintiff for continued vision loss associated with Defendant's negligence." (Doc. 1 at PageID 3). As noted above, plaintiff has not alleged that he requested additional medical care from any defendant or that any defendant denied him medical care, much less that any defendant was deliberately indifferent to his medical needs. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

6

appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

       *s/Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN KEITH ALFORD,
    Plaintiff,

vs.

WILLIAM D. TERRELL, M.D., et al.,
    Defendants.

Case No. 1:20-cv-433

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).